CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 05, 2025
LAURA A. AUSTIN, CLERK
BY: _____
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JONATHON TRAVIS WALKER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00047 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CENTRAL VIRGINIA REGIONAL** | ) | JUDGE JAMES P. JONES |
| **JAIL, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Jonathon Travis Walker, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining about living conditions at the Central Virginia Regional Jail (CVRJ).[1]  After review of the Complaint, I will summarily dismiss this action.

Walker's allegations are vague and undated.  In Claim 1, he alleges that at CVRJ provided him "substandard meals served in less than adult size portions, and with inadequate nutritional value," contributing to his "substan[t]ial loss of weight while at this facility."  Compl. 2, ECF No. 1.  Walker also alleges that when he transferred from another regional jail, CVRJ staff "refused to allow [him] to carry

---

[1] Walker is now incarcerated at a state prison facility.

[his] religious material, medical records and/or legal papers related to [his] case."
*Id.* at 3. He claims that jail staff falsely told him state prisons would not permit him to possess "any of that documentation/information." *Id.* Rather, CVRJ staff required Walker to leave such materials and other personal property to be shipped to his wife, and she later picked it up from a "UPS store." *Id.* As relief in the case, Walker seeks punitive damages.[2]

Under 28 U.S.C. § 1915A(a), (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Walker lists the following as defendants: CVRJ, CVRJ Authority, management and staff of CVRJ, administrative staff, and three individual CVRJ officers — Sergeant Knabe, and Officers McMullin and Anderson. A local jail facility cannot qualify as a *person* subject to being sued under § 1983. *McCoy v.*

---

[2] Other forms of relief that Walker lists in his Complaint are not available through a civil rights action, such as release from incarceration and probation, expungement of criminal records, restoration of driver's license rights, forgiveness of all outstanding fines and court costs, or bringing disciplinary action against jail staff.

*Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Thus, Walker has no claim against CVRJ. He also has no claim against the groups of jail staff he mentions in the complaint. Such groups cannot qualify as individual persons subject to suit under § 1983, and Walker fails to identify any individuals within these groups as defendant or to describe actions each individual took to violate his constitutional rights.

Walker's Complaint fails in a similar way against individual officials he has identified. He does not state what any of these individuals did to violate his constitutional rights or any personal involvement each of them had in the conditions about which he complains.

Walker's purported claim against the jail authority that operates the regional jail also fails on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). That is, the entity's official policy or custom must have

played a part in the alleged violation of federal law. Walker has not alleged sufficient facts to demonstrate that any jail authority policy caused the alleged violations of his constitutional rights, as required to present a viable § 1983 claim against that entity.

Because Walker's § 1983 claims cannot proceed against the jail, groups of jail staff, the jail authority, or the individual officers he has identified, I will summarily dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Such a dismissal leaves Walker free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this Opinion.[3]

An appropriate Order will enter this day.

DATED: June 5, 2025

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] My recognition of Walker's opportunity to resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state any proper § 1983 claim. His current submission fails to provide any detailed description or even dates of events on which his claims are based or to state facts showing that the conditions of which he complains caused him any significant physical harm. Moreover, he is attempting to join unrelated claims against unrelated defendants in a manner that violates Rules 18 and 20 of the Federal Rules of Civil Procedure, regarding joinder of claims and defendants in federal civil actions.